```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

```
_____
                                   )
LUIS PEREZ, d/b/a                  )
Hawkins Market                     )
                                   )
          Plaintiff,               )
                                   )
     v.                            )      C.A. No. 09-40 S
                                   )
UNITED STATES OF AMERICA,          )
UNITED STATES DEPARTMENT           )
OF AGRICULTURE, FOOD AND           )
NUTRITION SERVICE,                 )
                                   )
          Defendant.               )
_____)


_____
                                   )
LUIS PEREZ, d/b/a                  )
Hawkins Market                     )
                                   )
          Plaintiff,               )
                                   )
     v.                            )      C.A. No. 10-157 S
                                   )
UNITED STATES OF AMERICA,          )
UNITED STATES DEPARTMENT           )
OF AGRICULTURE, FOOD AND           )
NUTRITION SERVICE,                 )
                                   )
          Defendant.               )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's Motion to enforce a stay entered in the above-captioned cases. The stay would allow Plaintiff to continue utilizing its Supplemental Nutrition

Assistance Program ("SNAP") terminal to accept SNAP benefits pending review of Defendant's October 2016 decision to permanently disqualify Plaintiff as an authorized retailer. (Motion to Enforce a Stay, C.A. No. 10-157S ECF No. 11.)  In 2009, the parties entered a Joint Stipulation to Stay the Order of Disqualification from Food Stamp Program Pending Disposition ("Stay"), staying the disqualification at issue in C.A. No. 09-40S. (ECF No. 4.)  The Stay specifically provided that "[e]ither party may seek relief from this order should it appear that such reasonable steps are not being taken" to bring the action to a conclusion. (Id. at 2.)

In May 2009, C.A. No. 09-40S was dismissed without prejudice by stipulation and remanded to the United States Department of Agriculture, Food and Nutrition Service ("FNS") for the completion of the administrative review process. (ECF No. 11.)  The stipulation clearly stated that "[t]he stay previously agreed to by the parties shall remain in effect during the pendency of the agency review."[1] (Id.)

The pending Motion to enforce this Stay contends that

---

[1] The Stay was reinforced in August 2010 when C.A. No. 10-157S was dismissed without prejudice and remanded to FNS pending additional agency review. (ECF No. 8.)  The stipulation entered in that case also specified that "[t]he stay previously agreed to by the parties shall remain in effect during the pendency of the agency review." (Id.)

Plaintiff operated without interference from the FNS from the date of the dismissal stipulation until August 4, 2016. On August 4, FNS sent Plaintiff a letter accusing it of trafficking in SNAP benefits and subsequently entered a permanent termination of Plaintiff's SNAP terminal's operations in October 2016. (Mem. in Supp. of Mot. to Enforce Stay 3-4, C.A. No. 09-40S ECF No. 11.) Plaintiff asserts that this termination is a continuation of the prior FNS action against it such that the Stay may be enforced by this Court, serving to reinstate the operation of its SNAP terminal pending review. (Id. at 4.)

Defendant objects to Plaintiff's Motion to enforce the Stay, arguing that: (1) the current disqualification is premised on evidence gathered after the final agency review concluded in the above-captioned cases; (2) Plaintiff has not exhausted his administrative remedies regarding the current disqualification; and (3) that Plaintiff is not entitled to a stay for the current permanent disqualification during the pendency of the administrative appeal or judicial review. (C.A. No. 09-40S ECF No. 15.)

On November 15, 2016, the FNS concluded the administrative review process of its decision to permanently disqualify Plaintiff as an authorized retailer of SNAP benefits. The FNS found that sufficient evidence existed to support the initial

3

agency conclusion that, based on electronic transaction data from January through June 2016, Plaintiff had engaged in impermissible trafficking of SNAP benefits.  This Court finds that, based on the discrete time period on which the agency's conclusions were drawn, the FNS's current determination that Plaintiff engaged in trafficking is unrelated to the violations that were at issue several years ago in the above-captioned cases.  This Court cannot, therefore, enforce the Stay in these two cases to reinstate the operation of Plaintiff's SNAP benefit terminal pending judicial review.  As Plaintiff is well-aware, it may seek judicial review of the FNS's final decision within thirty days after it received notice of this decision, but it will need to commence a new action. See 7 U.S.C. § 2023(a)(13).

Plaintiff's Motion to Enforce a Stay is therefore DENIED.

IT IS SO ORDERED.

_/s/ W. Smith_
William E. Smith
Chief Judge
Date:  November 30, 2016